IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE MORALES-CAMACHO, | |
| Plaintiff | |
| v. | |
| COMMONWEALTH OF PUERTO RICO; CORRECTIONS ADMINISTRATION GLORIA E. ORTIZ MARTINEZ, PRESIDENT, COMMONWEALTH OF PUERTO RICO PAROLE COMMISSION (JUNTA DE LIBERTAD BAJO PALABRA); COMMUNITY ACTION PROGRAM | CIVIL 09-1658 (FAB) (JA) |
| Defendants | |

OPINION AND ORDER

Plaintiff inmate Roberto Morales-Montáñez has filed a pro-se complaint pursuant to 42 U.S.C. § 1983, claiming that his civil rights were violated by the defendants.   He claims that he has served his minimum sentence, having served three years and ten months of a five year and six months sentence originally imposed.   He alleges that the Parole Commission was required to acquire jurisdiction in his case on December 10, 2008 and entitle him to a hearing before the same.   The Commission actually acquired jurisdiction over his case on February 27, 2009, allegedly resulting in a violation of ten agreements or stipulations of the case of Efraín Montero-Torres v. Hernández-Colón, Civil No. 75-0828 (PG).   The Commission was supposed to reach a decision one way or the other within 50 days and did not.  Plaintiff also states that the defendants have

CIVIL 09-1658 (FAB) (JA)                2

been negligent in their undertaking and that because of such negligence he and

his family have suffered emotional damages in the amount of $100,000.   Plaintiff

seeks that the court direct the Parole Commission to comply with its duties and

grant him parole.

I.  PRO-SE PLAINTIFF

Since  plaintiff  is  proceeding  pro  se,  I  construe  the  pleadings,  however

inartful,  liberally.   See  Erickson  v.  Pardus,  551  U.S.  89,  94  (2007)  (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519,

520-21  (1972)).    "The  policy  behind  affording  pro  se  plaintiffs  liberal

interpretation is that if they present sufficient facts, the court may intuit the

correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt,

118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United States, 540 U.S. 375, 381

(2003)  (noting  that  courts  may  construe  pro  se  pleadings  so  as  to  avoid

inappropriately stringent rules and unnecessary dismissals of claims).  All well-

pleaded factual averments made by a pro se plaintiff and reasonable inferences

drawn therefrom must be accepted as true.   Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996).   The complaint requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S.

at 93 (quoting Fed. R. Civ. P. 8(a)(2));  see Gargano v. Liberty Intern.

Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009).   That the complaint allege

CIVIL 09-1658 (FAB) (JA)                3

a conceivable entitlement of relief is insufficient.  See Ashcroft v. Iqbal, 129 S. Ct.

1937, 1950-51 (2009).  "[A] plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Damon v. Moore, 520

F.3d 98, 102-03 (1st Cir. 2008), cert. denied, 129 S. Ct. 175 (2008) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007)).

## II.  CIVIL RIGHTS VIOLATION

Section 1983 creates a cause of action against those who, acting under color

of state law, violate federal constitutional or statutory law.  See 42 U.S.C. §

1983[1]; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds

by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Wilson v. Town of Mendon,

294 F.3d 1, 6 (1st Cir. 2002); see Sanchez Rodriguez v. Departamento de

Corrección y Rehabilitación, 537 F. Supp. 2d 295, 296 n.1 (D.P.R. 2008).   In

order for a plaintiff to be held liable under section 1983, his or her conduct must

have caused the alleged constitutional or statutory deprivation.  See Monell v.

---

[1] 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

CIVIL 09-1658 (FAB) (JA)                    4

Dep't of Soc. Servs. of City New York, 436 U.S. 658, 692 (1978); Sanchez v. Pereira Castillo, 2009 WL 4936397, No. 08-1748 at 35 (1st Cir. Dec. 23, 2009); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Morales-Camacho's claims allege violations of federal constitutional law effected by state actors, his suit properly arises under section 1983.

        This matter is before the court on motion to dismiss filed by the defendants on September 1, 2009. (Docket No. 15).   The defendants argue that the complaint fails to state a cognizable claim under the United States Constitution, since there is no constitutional right to be granted parole, or to be conditionally released before the expiration of a valid sentence.    The defendants also state that the complaint has been rendered moot, since the petitioner has been notified, on August 4, 2009, of the decision to deny him the privilege of parole.   They also argue  that the Eleventh Amendment to the United States Constitution bars the recovery of money damages against them in their official capacity.  Plaintiff was granted until December 31, 2009 to respond to the motion to dismiss in view of the difficulties he might encounter to perfect a timely response due to his status as a prisoner.  He has failed to file such a response.

        Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  Dismissal under the rule is appropriate where the plaintiff has failed to

CIVIL 09-1658 (FAB) (JA)                    5

show its claim is at least "plausible." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 557. In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  <u>Perry v. New England Bus. Serv., Inc.</u>, 347 F.3d 343, 344 (1st Cir. 2003) (citing <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998)).   The complaint will be dismissed if it "fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008) (quoting <u>Centro Médico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005)).   More exactly, "[t]he complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." <u>Thomas v. Rhode Island</u>, 542 F.3d 944, 948 (1st Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 559.)

III. SOVEREIGN IMMUNITY

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

CIVIL 09-1658 (FAB) (JA)                6

The Eleventh Amendment applies not only to states but also to state agencies acting as "alter egos" to the state.  See Ainsworth Aristocrat Int'l Party v. Tourism Co. of the Commonwealth of P.R., 818 F.2d 1034, 1036 n.2 (1st Cir. 1987) (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).  Similarly, the Eleventh Amendment extends not only to state agencies acting as alter egos to the state but also to state employees exercising their official duties.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cosme-Perez v. Mun. of Juana Diaz, 585 F. Supp. 2d 229, 236 (D.P.R. 2008).  The moving defendants argue that at all times the individuals named in the complaint were acting within the scope of their employment, in their official capacities, and therefore are immune from judgment in the present suit.

"Puerto Rico is treated as a state for the purposes of a §1983 analysis. Costa Urena, et al. v. Segarra, 2009 WL 4913261, No. 07-2739 at 3, n.1 (1st Cir. Dec. 22, 2009), citing Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 n.6 (1st Cir. 2008).    For the purposes  of the Eleventh Amendment, Puerto Rico is afforded the same rights as a state and therefore any private suit against the Commonwealth of  Puerto  Rico  is  barred.    See  e.g.  Jusino-Mercado  v.

CIVIL 09-1658 (FAB) (JA)                    7

Commonwealth of P.R., 214 F.3d 34, 37 (1st Cir. 2000); Ezratty v. Commonwealth of P.R., 648 F.2d 770, 776 n.7 (1st Cir. 1981) (explicitly stating that Eleventh Amendment immunity applies to Puerto Rico).

The Puerto Rico government can be sued if it has consented to be sued by statute or if the right has been waived by Congress.  Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).  Consequently, "[t]he eleventh amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, see e.g. Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983), and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." Culebras Enter. Corp. v. Rivera Ríos, 813 F.2d 506, 516 (1st Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

While the affirmative defense of sovereign immunity is available to state actors, because of the disposition of this case, I do not enter into a sovereign immunity analysis, especially since neither injunctive relief is feasible, nor are damages appropriate.

## IV. CASE OR CONTROVERSY

Petitioner has presented a clear statement as to why he believes he is entitled to relief based upon a violation of his civil rights.  However, in a very

09-1658 (FAB) (JA)                              8

seminal respect, his action has been rendered moot by the action of the Parole

Commission.

        In order for the court to adjudicate a matter, Article III of the United States

Constitution requires that there be a case or controversy between the parties.

Allen v. Wright, 468 U.S. 737, 750 (1984); see U.S. Const. art III, §2.   The

concept of ripeness has its roots in this case or controversy requirement, as well

as in prudential considerations.   Mangual v. Rotger-Sabat, 317F.3d 45, 59 (1st

Cir. 1999).  The federal ripeness doctrine involves a question of "when" an issue

may be heard by the court.  Federacion de Maestros de P.R. v. Acevedo-Vila, 545

F. Supp. 2d 219, 224 (D.P.R. 2008).  For a case to be ripe there has to be a

"substantial controversy, between parties having adverse legal interests, of

sufficient  immediacy  and  reality  to  warrant  the  issuance  of  a  declaratory

judgment."  Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972).  "The

ripeness doctrine seeks 'to prevent the courts, through avoidance of premature

adjudication, from entangling themselves in abstract disagreements.'" McInnis-

Misenor v. Me. Med. Ctr., 319 F.3d 63, 70 (1st Cir. 2003) (quoting Abbott Labs.

v. Gardner, 387 U.S. 136, 148 (1967)).

        Determination of ripeness involves a two-pronged inquiry.  McInnis-Misenor,

319 F.3d at 70.  First, the court must determine whether the issue is fit for

review.  Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir.

1995).  The critical question in the fitness analysis is "whether the claim involves

09-1658 (FAB) (JA)                        9

uncertain and contingent events that may not occur as anticipated or may not occur at all."  Ernst & Young, 45 F.3d at 536 (quoting Mass. Ass'n of Afro Am. Police, Inc. v. Boston Police Dep't, 973 F.2d 18, 20 (1st Cir. 1992)).  The second prong of the inquiry refers to the hardship the parties may suffer if the court withholds consideration of the controversy.

Any request for injunctive relief has been rendered moot based upon the consideration of plaintiff's request for release by the Parole Commission.  The Parole Commission issued a resolution noting that plaintiff had been classified in medium custody since March 6, 2007 and he was serving time for a violent crime and has a criminal record for a drug offense.

The second prong of the inquiry refers to the hardship the parties may suffer if the court withholds consideration of the controversy.   Plaintiff is again eligible for review before the Parole Commission in April 2010.   At that time he may or may not be paroled, just as any other prisoner who is passed over by the parole board and appears at the next scheduled hearing.  He therefore suffers no greater hardship than any prisoner awaiting review by the Parole Commission. Therefore the only remaining matter is if petitioner is entitled to damages from the defendants in their individual capacities.  In order to be liable, there must be an identifiable issue to be tried leading to a possible award of damages.   The issue does not exist since he is not entitled to damages for emotional distress and mental anguish based upon a late decision by the Parole Commission which

09-1658 (FAB) (JA)                    10

renders moot his petition.   Indeed he refers to the negligent inaction of the defendants which resulted in the late notification.   However, any purported negligence cause of action to be gleaned from the complaint would suffer dismissal because of the early dismissal of the federal claim.

V. CONCLUSION

In conclusion, plaintiff has failed to state a claim upon which relief can be granted.   Again, there is no federal constitutional right to parole.   There is no violation of his civil rights.    Plaintiff has not shown that he has a plausible entitlement to relief.   Sanchez v. Pereira-Castillo, No. 08-1748 at 13, citing Ashcroft v. Iqbal, 129 S. Ct. at 1949.

Accordingly, the complaint is hereby dismissed in its entirety 1) for failing to state a claim upon which relief can be granted, 2) based upon plaintiff's failure to identify a plausible violation of his constitutional rights, 3) because the primary relief sought has been provided, and 4)  because the Eleventh Amendment bars the recovery of money damages against the defendants in their official capacity.

The Clerk is directed to enter judgment accordingly.

At San Juan, Puerto Rico, this 4th day of January, 2010.

S/ JUSTO ARENAS<br>Chief United States Magistrate Judge